# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| DONALD G. YOUGN, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:14-CV-1209 CAS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent, ) | |

## MEMORANDUM AND ORDER

This matter comes before the Court on movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. The motion is denied.

On January 7, 2003, movant pled guilty in United States v. Donald G. Young, No. 4:01-CR-326 CAS (E.D. Mo.), to one count of continuing criminal enterprise and one count of tampering with a witness. On March 27, 2003, the Court sentenced movant to 240 months imprisonment followed by 3 years of supervised release. On October 23, 2012, movant filed his first § 2255 motion. See Young v. United States, 4:12-CV-1983 CAS (E.D. Mo.). The Court dismissed the motion as untimely. Movant filed the instant motion on July 1, 2014. He alleges that his counsel was ineffective and that newly discovered evidence shows he is actually innocent.

The dismissal of a federal habeas petition on the ground of untimeliness is a determination "on the merits" for purposes of the successive petition rule. See, e.g., In re Rains, 659 F.3d 1274, 1275 (10th Cir. 2011) (per curiam); Quezada v. Smith, 624 F.3d 514, 519–20 (2d Cir. 2010) ("We hold that dismissal of a § 2254 petition for failure to comply with the one-year statute of limitations constitutes an adjudication on the merits that renders future petitions under

§ 2254 challenging the same conviction 'second or successive' petitions under § 2244(b)." (additional internal quotation marks omitted)). As a result, the instant motion is successive.

Under 28 U.S.C. § 2244(a) and § 2255(h) district courts may not entertain a second or successive motion to vacate unless it has first been certified by the appropriate court of appeals. The instant petition has not been certified by the Court of Appeals for the Eighth Circuit. As a result, the Court may not grant the requested relief.

Accordingly,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 is **DENIED** and **DISMISSED**. [Doc. 1]

An Order of Dismissal will be filed separately.

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this 16th day of July, 2014.